UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WARNER L. WALDEN,

        Petitioner,

-vs-                                                   Case No. 5:09-cv-360-Oc-31TBS

WARDEN, FCC COLEMAN - USP I,

        Respondent.
_____

## **O R D E R**

Petitioner, proceeding *pro se*, initiated this case by filing a Petition (Doc. 1) and an Amended Petition (Doc. 19) for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. According to the original Petition, Petitioner claims that the Bureau of Prisons (BOP) has improperly calculated his initial parole eligibility date. (Doc. 1). In response, Respondent asserts that the Petition should be dismissed because petitioner has not properly exhausted his administrative remedies, or in the alternative, that the Petition should be denied because the BOP properly computed Petitioner's initial parole date. (Doc. 21). In the Amended Petition, Petitioner raises claims against the United States Parole Commission, and requests that the Court order his immediate release from prison. (Doc. 19). Respondent has filed a "Supplemental Response to the Amended Petition." (Doc. 21). The case is ripe for review.

## **Background**

Petitioner is a federal prisoner currently confined at the Federal Correctional Complex in Coleman,

Florida where he is serving a 15 year to life sentence for his 1995 District of Columbia convictions of assault with intent to kill while armed, aggravated assault while armed, and possession of a firearm during a crime of violence or dangerous offense. According to the Response to the original Petition, the BOP prepared a sentence computation for Petitioner, based on a 15 year minimum to life maximum term of confinement. (Doc. 8). The BOP commenced Petitioner's sentence on the date that it was imposed, and applied prior custody credit in the amount of 317 days. Id. Petitioner's initial parole eligibility date was set at February 14, 2010. Id.

According to the Supplemental Response, on October 21, 2009, a hearing officer for the United States Parole Commission conducted a parole hearing for Petitioner. (Doc. 21). Respondent states that Petitioner was eligible for parole pursuant to the Parole Guidelines, but the hearing officer determined that he was not suitable for parole. Id. The hearing officer recommended that the Commission depart from the parole guidelines, and recommended reconsideration of parole in one year from Petitioner's parole eligibility date of February 15, 2010. Id. The Commission agreed with the hearing examiner's recommendation, and on December 22, 2009, issued its decision continuing the matter until February 2011. Id. The BOP website reflects that Petitioner is still incarcerated as of the date of this Order.

**Discussion**

The Court will first address the claims asserted in the original Petition that the BOP improperly calculated the initial parole eligibility date.[1] Respondent asserts that the claim remains unexhausted.

---

[1] While the Amended Petition is the proper pleading that is currently pending before this Court, it appears that Petitioner filed the Amended Petition in an effort to assert additional claims and not substitute or abandon his original ground for relief. Specifically, Petitioner states in his Amended Petition that he requests that the Court "allow this new habeas corpus to be accepted and filed properly as an 'amended petition' to my case that's already filed." (Doc. 19). Accordingly, the Court will address the arguments raised in the original Petition and the Amended Petition.

The responsibility for executing a federal sentence lies with the Attorney General of the United States, who has delegated such responsibility to the BOP.[2] The BOP has formulated an administrative remedy program through which federal inmates may challenge the BOP's sentence computation.[3] Although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a writ of habeas corpus pursuant to § 2241, the Eleventh Circuit has nonetheless held that exhaustion is jurisdictional.[4] Therefore, in order to obtain judicial review of a sentence computation by the BOP, a federal inmate must first exhaust his available administrative remedies within the BOP's administrative remedy program.[5]

Although Petitioner filed an institutional Request for an Administrative Remedy, the request was denied, and Petitioner failed to appeal the denial to the regional or central office levels. (Doc. 8).

---

[2] United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (citations omitted).

[3] The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal procedures fail to achieve the desired results. 28 C.F.R. § 542.10, et seq. The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located. Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal.

[4] Winck v. England, 327 F.3d 1296, 1300 n. 1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992); Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001); United States v. Lucas, 898 F.2d at 1556.

[5] See United States v. Mitchell, 845 F.2d 951, 952-953 (11th Cir. 1988) (finding that a district court does not have jurisdiction to entertain a federal prisoner's petition for jail time credit until the prisoner has exhausted his administrative remedies); see also Hicks v. Jordan, 2006 U.S. App. LEXIS 2632 (11th Cir. 2006) (dismissing the petition for failure to exhaust his administrative remedies, which includes an appeals process that allows the BOP's General Counsel to make the ultimate decision).

Accordingly, because Petitioner has failed to properly exhaust all of his administrative remedies, the claim must be dismissed.

Moreover, Petitioner has failed to demonstrate that the BOP has failed to properly compute Petitioner's sentence. Petitioner concedes that his 15 year mandatory minimum term of incarceration expired on February 14, 2010, but that he was entitled to receive 54 days of credit per year against his sentence for 8 years between February 15, 2000 and February 15, 2008. (Doc. 1). Thus, Petitioner claims his parole eligibility date should have been computed as December 9, 2008. Id. However, there is nothing in the record to reflect that Petitioner could have earned additional credits against his sentence. Id. Petitioner's assertion that the BOP failed to award him proper credits is, therefore, without merit.

In the Amended Petition, Petitioner claims that his confinement is unlawful because the Commission failed to comply with 28 C.F.R. § 549.43 at Petitioner's parole hearing.[6] This regulation codifies the due process requirements before a prison can involuntarily administer medication to a prisoner. Respondent argues that Petitioner's reliance on this regulation is misplaced, as Petitioner is not subject to involuntary medication. (Doc. 21). While Petitioner mentions "involuntary psychiatric treatment," it does not appear that Petitioner is actually arguing that his due process rights were violated because of involuntary psychiatric treatment. See Doc. 19. Instead, Petitioner asserts that the regulation was violated because the chairman of the Commission's decision "was done without his agency going by the procedures and guidelines to appear in Court with [Petitioner's] attorney." Id. Accordingly, in light of the fact that there is nothing in the record that reflects Petitioner was subject to involuntary treatment, to the extent that Petitioner claims his rights under this regulation were violated, the claim is without merit.

---

[6]Petitioner actually asserts that the Commission violated 18 C.F.R. § 549.43. However, this regulation is contained in the chapter on customs laws. Accordingly, it appears that Petitioner meant to cite to 28 C.F.R. § 549 because it applies to the BOP.

4

Petitioner also claims that the Commission violated 18 U.S.C. §§ 4241 and 4242, which concern the determination of mental competency prior to sentencing or at any time after the commencement of probation or supervised release, and the determination of the existence of insanity at the time of the offense. As Respondent asserts, Petitioner is not on probation or supervised release, and the parole hearing is not a part of the criminal prosecution. See Morrissey v. Brewer, 408 U.S. 471, 480 (1972).

However, Respondent concedes that the Commission's regulations do provide for procedures where a prisoner is scheduled for a parole hearing and reasonable doubt exists as to his mental competency. Title 28 C.F.R. § 2.8(a) provides that:

> Whenever a prisoner (or parolee) is scheduled for a hearing in accordance with the provisions of this part and reasonable doubt exists as to his mental competency, i.e., his ability to understand the nature of and participate in scheduled proceedings, a preliminary inquiry to determine his mental competency shall be conducted by the hearing panel, hearing examiner or other official (including a U.S. Probation Officer) designated by the Regional Commissioner.

A review of the record reflects that the hearing officer acknowledged that Petitioner had been diagnosed with schizophrenia, and was in need of mental health treatment, but determined that it was clear that he was able to understand and participate in the hearing, and, therefore, no inquiry into his mental competency was necessary.[7] (Doc. 27). The hearing officer found that based on his knowledge and experience, there was no reasonable doubt with respect to Petitioner's mental competency, or ability to participate in the hearing. (Doc. 27-1).

---

[7]Respondent filed a supplement to the response at the direction of the Court because the record did not originally reflect the hearing officer's finding that a mental competency inquiry was unnecessary. (See Docs. 21, 26, 27).

Upon a careful review of the record, the Court finds that Petitioner's rights were not violated pursuant to 18 U.S.C. §§ 4241, 4242, and a preliminary inquiry was unnecessary under the regulations based on the record in this case.

Petitioner also claims that his rights were violated because the Commission lengthened his sentence by one year without an order from a judge. To the contrary, the Commission did not engage in sentencing when it denied Petitioner parole and scheduled a reconsideration hearing.[8]

Finally, to the extent that Petitioner challenges the Commission's decision to deny parole, the claim is without merit. "Parole is not a right, but an expectation that may be granted by the Commission." Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990)(internal citations omitted). Although this Court can review a decision of the Commission, that review is extremely limited and requires a showing that the Commission exceeded its statutory authority.[9] " So long as there are no violations of any required due process protections and the Commission has acted within its authority, [the District Court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress."[10]

Here, the Commission determined that Petitioner would be a serious risk to the public safety if released on parole because of his prior record of violence, the threats of violence in recent letters written while he was in prison, and his refusal to undergo mental health treatment. This determination complies

---

[8] (Doc. 21, citing Artez v. Mulcrone, 673 F.2d 1169, 1170 (10th Cir. 1982) (internal citation omitted) (finding that in granting or denying parole, the commission does not modify a sentence, but merely determines whether the individual will serve the sentence inside or outside the prison walls.)

[9] Brown v. Lundgren, 528 F.2d 1050, 1054 (5th Cir. 1976).

[10] Stroud v. U. S. Parole Comm'n, 668 F.2d 843, 846 (5thCir. 1982).

6

with the criteria pursuant to D.C. Code § 24-404(a).[11] While the Commission departed from the guidelines because of the circumstances of Petitioner's case, the departure was permitted under the former D.C. Board of Parole guidelines, as well as the Commission's parole guidelines for D.C. offenders. See 28 U.S.C. §§ 2.65, 2.80.

## Conclusion

Based on the foregoing, to the extent that Petitioner seeks relief under his original Petition (Doc. 1) and the Amended Petition (Doc. 19), the Petitions are **DENIED** with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

DONE and ORDERED at Orlando, Florida this 26th day of September, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to: Warner L. Walden

Counsel of Record

---

[11] In this case, the Commission applied the D.C. Board of Parole 1987 guidelines. (Doc. 21-1). As stated in this Order, Petitioner was sentenced in the District of Columbia.